UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'23 JUN 14 AM 9:21

HD

Rcv'd by: AV

KEVIN AJENIFUJA,

    Plaintiff,

vs.

EDWARD OWUSU, Principal;
SHANNON GRIGSBY, Assistant Principal
of Clarksburg High School;
MONTGOMERY COUNTY PUBLIC
SCHOOLS,

    Defendants.

Case No. AAQ 23 CV 1598

Judge:

**VERIFIED COMPLAINT AND JURY DEMAND**

The plaintiff, Kevin Ajenifuja ("Plaintiff"), sues the defendant Edward Owusu ("Owusu"), in his official and individual capacity as the Principal of Clarksburg High School, the defendant Shannon Grigsby ("Grigsby"), in her official and individual capacity as the Assistant Principal of Clarksburg High School, and the defendant Montgomery County Public Schools ("MCPS") in its official capacity, and alleges as follows:

## INTRODUCTION

1. This case is a freedom of assembly cause of action brought by the parent of a seventeen-year-old student at Clarksburg High School in Clarksburg, Maryland. The plaintiff brings this lawsuit against Owusu, Grigsby, and MCPS. At issue is whether school officials may lawfully and permanently ban a parent from setting foot on school grounds and doing so without due process. The defendants

have prohibited and continue to prohibit the plaintiff from setting foot on Clarksburg High School grounds, even to attend after-school activities and graduation ceremonies. The defendants' action violates the plaintiff's freedom of assembly rights under the First Amendment, due process rights under the Fourteenth Amendment of the United States Constitution, the Maryland State Constitution, and the Maryland Education Code.

## JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation of civil rights under the First Amendment and Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

3. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), § 1343(a) (civil rights violation), § 1332 (diversity of jurisdiction), and § 1367 (supplemental jurisdiction over state law claims).

4. The venue is proper in this district and division pursuant to 28 U.S.C. § 1391. Based upon information and belief, the unlawful practices complained of and that give rise to the claims occurred within this district and division.

## PARTIES

5. The plaintiff is the biological father of K.A.A., a student at Clarksburg High School, and E.A.A., a student at Hallie Wells Middle School, both in Clarksburg, Maryland. The students are under the age of eighteen. As a student at Clarksburg High School, K.A.A. remains subject to the authority and directives of the defendants.

6. The defendant Owusu is the principal of Clarksburg High School in Clarksburg, Maryland. He is vested with the authority to discipline students at Clarksburg High School at his discretion and to enforce the policies of Clarksburg High School and the Montgomery County Public Schools. Clarksburg High School is within Montgomery County Public Schools district. He is sued in his official and individual capacities.

7. The defendant Grigsby is the assistant principal of Clarksburg High School. He is vested with the authority to discipline students at Clarksburg High School at his discretion and to enforce the policies of Clarksburg High School and the Montgomery County Public Schools. She is sued in her official and individual capacities.

8. The defendant Montgomery County Public Schools (MCPS) is responsible for all the public schools in Montgomery County, Maryland. MCPS is accountable for selecting curriculum materials, assigning, hiring, dismissing staff, monitoring finances, and adequately managing funds. MCPS is sued in its official capacity.

## FACTUAL BACKGROUND

9. On or about July 2020, Anita Koepcke, the plaintiff's ex-wife, moved their three minor children from Washington, DC, to Clarksburg, Maryland, without the plaintiff's knowledge and consent.[1] The three children attend Clarksburg High School and Hallie Wells Middle School in Clarksburg, Maryland. Furthermore, Ms. Koepcke denied the plaintiff all communications and visitation access to their children in violation of the Permanent Custody Order issued by the D.C. Superior Court on July 2, 2018. In addition, the plaintiff does not know their children's home address. Consequently, the plaintiff cannot visit their home to pick them up for visitation.

10. Since the entry of the Permanent Custody Order on July 2, 2018, the plaintiff has made repeated attempts to visit and spend time with his children. However, Ms. Koepcke has denied the plaintiff visitation with their three children for the last four years. (See Exhibit B, pages 2-3). On September 25, 2022, the plaintiff sought the assistance of the Montgomery County Police Department in enforcing the custody order. The police department referred the plaintiff to the Montgomery County Sheriff's Office instead. The Sheriff's office then informed the plaintiff that it could not enforce the custody order without a Contempt of Court Order.

---

[1] There is an ongoing custody action before the D.C. Superior Court, case no. 2016-DRB-003509.

11. After being denied all access to their children for so long,[2] the plaintiff decided to visit their oldest child, K.A.A., at Clarksburg High School, the only known place where the plaintiff knew he could find her. On December 9, 2021, the plaintiff drove to Clarksburg High School. Then, the plaintiff sat in his Free2Move rental car at the school visitor parking lot until 11:30 am. After this, the plaintiff proceeded to the school administrative office during lunch hour and asked to talk to his fifteen-year-old daughter. One administrative staff paged her, and she came to the administrative office, where the plaintiff then handed his daughter a Christmas card and Six Hundred dollars for Christmas presents for her and her two siblings. The plaintiff's interaction with his daughter at the administrative office took about five minutes. Afterward, the plaintiff left Clarksburg High School grounds, drove directly back to Washington, DC, and returned the Free2Move rental car at 12:19 pm.

12. On December 9, 2021, the plaintiff received an email with an attached letter from Edward Owusu, the principal of Clarksburg High School. Mr. Owusu copied Shannon Grigsby, the assistant principal, and other MCPS officials, like the Area Associate Superintendent of OSSI, Chief Safety Officer, Director of OSSI, and Commander of the 5th Police District, on the email. (See Exhibit C, page 2 for the letter). Mr. Owusu's letter says,

"As the principal of Clarksburg High School, I am hereby notifying you that,

---

[2] The last time plaintiff had visitation access to their children was on November 16, 2019.

> effective immediately, you, Kevin Ajenifuja, are forbidden to enter upon the property or campus of Clarksburg High School, located at 22500 Wims Road, Clarksburg, MD 20871. This action is being taken as a result of you entering the school building on Thursday, December 9, 2021 during the school day in which you entered the school and requested a meeting with your child."

13.  On September 9, 2022, the plaintiff went to a 6:00 pm after-school Volleyball game at Clarksburg High School to watch his daughter's team. Within minutes of his arrival, Mr. Noland, the school athletic director, asked the plaintiff to leave the gymnasium. Mr. Noland then called Montgomery County Police Department to enforce his instructions. The plaintiff sent the letter below to the Montgomery County Police Department the following day.

> Montgomery County Police Department
> District 1,
> Gaithersburg, Maryland
>
> To Whom It May Concern,
>
> This correspondence concerns my encounter at the Clarksburg High School auditorium yesterday around 6:00 pm. I came to the school to watch my daughter's Volleyball game. While attempting to pay the $5.00 entrance fee, Mr. Noland, a school athletic officer, called me aside and informed me that I would not be allowed to enter the arena.
>
> About fifteen minutes later, officer Gallagher (badge no. 1543?) of MCPD arrived at the scene. He informed me that I was not allowed to set foot on Clarksburg High School grounds for one year. The decision came about, he said, because I visited my daughter at the school on March 21, 2022. I came to the school at lunch on March 21, 2022, to present my daughter with her sixteen-birthday present.

> Finally, I left Clarksburg High School grounds after speaking with officer Gallagher. However, I want to use this email to document my conversation with officer Gallagher and my understanding of what he said to me on Friday, September 9, 2022. Officer Gallagher informed me that I was free to attend my daughter's sporting games outside Clarksburg High School. He also mentioned that starting March 22, 2023, I would be free to attend her sporting games and other activities at Clarksburg High School.
>
> If there is any misunderstanding in my communications with officer Gallagher, please don't hesitate to inform me promptly. Thank you in anticipation of your cooperation.
> Sincerely,
> Kevin Ajenifuja

14. On June 2, 2023, the plaintiff notified the defendants that his second child's middle school would have its eighth-grade graduation ceremony at Clarksburg High School auditorium on June 9, 2023. The email reads,

> Dear Mr. Owusu,
>
> I am contacting you because of your letter dated December 9, 2021. In that letter, you stated that "I am hereby notifying you that, effective immediately, you, Kevin Ajenifuja, are forbidden to enter upon the property or campus of Clarksburg High School, located at 22500 Wims Road, Clarksburg, MD 20871." (The letter is attached to this email.)
>
> I want to inform you that I have three children in Montgomery County Public Schools. Furthermore, one is getting ready to graduate from Hallie Wells Middle School in a few days. Hallie Wells Middle School, however, has decided to have its eighth-grade graduation ceremony at Clarksburg High School auditorium on June 9, 2023, starting at 5:00pm.
>
> Although I am within my First and Fourteenth Amendments rights to access Clarksburg High School property on graduation day,[1] I have decided to hedge my bets by contacting you and appropriate County officials to avoid any

appearance of violating the spirit of your letter and thereby creating any confrontation at the graduation ceremony. Additionally, the graduation celebrates the eighth-grade students' accomplishments, and I would not like to make any distractions for them during the event. So, I hope my presence at the ceremony will be as regular as any other proud parent.

Should you have any questions or concerns, please don't hesitate to contact me at 240-356-8318 or via email at kajenifuja@yahoo.com.

Sincerely,

Kevin Ajenifuja

15. On June 6, 2023, Mr. Owusu replied to the plaintiff's email.

Good afternoon Mr. Ajenifuja,

Thank you for following the requested protocol and procedures and reaching out to me. You are forbidden to access Clarksburg High School property, and therefore may not access the Hallie Wells Middle School Promotion Ceremony. I appreciate your respectful stance as to not creating a distraction for students or staff.

I have notified the Acting Principal of Hallie Wells Middle School so he is aware of this decision as well as our central office Safety and Security partners.

Should you need further assistance please contact me using my signature information below.

Respectfully,

Edward Owusu

16. The plaintiff's oldest child struggles academically at Clarksburg High School and needs tutoring in English and Mathematics. (See Exhibit A, page 2 for K.A.A.'s report card). The plaintiff is in an excellent position to assist her, which he successfully did in middle school. Clarksburg High School officials, however, have

refused to provide quarterly report cards to the plaintiff starting with the 2022/2023 school year. The plaintiff has one year to assist K.A.A. in improving her grades to better college admissions chances for 2024/2025. On February 22, 2023, the plaintiff requested a copy of K.A.A.'s latest report card from Clarksburg High School. Sadly, the school ignored the plaintiff's request.

> Dear Ms. Grigsby,
>
> I contacted you on February 16, 2023, for a copy of Katharina Ajenifuja's report card. Unfortunately, I received an automated reply below that you were out of the office until February 17. I am sure you are back in the office, but I would like to remind you to please send me the report card.
>
> Thank you for your usual cooperation.
>
> Sincerely yours,
>
> Kevin Ajenifuja

17.   On February 4, 2014, Julia K. Lesiczka, a District of Columbia Public Schools ("DCPS") psychologist, was sent to the German School in Potomac, Maryland, to observe K.A.A. in her second-grade class because she had difficulties with reading and comprehension, which impacted her self-esteem. On April 8, 2014, the DCPS released its Comprehensive Psychological Evaluation and Speech and Language Evaluation reports. The plaintiff later discovered that K.A.A. was psychologically demoralized at the German School. Furthermore, Ute Schulze-Aminzadeh, the MCPS teacher allegedly brought to the German School to psychologically abuse K.A.A. in first and second grades, suddenly passed away on October 31, 2018, at 53.

18. The child visitation arrangements between the plaintiff and Ms. Koepcke worked smoothly while their children attended DCPS. Everything changed when the plaintiff filed a theft of trade secrets complaint at the United States District Court for the District of Columbia against the World Bank Group, among others, on August 2, 2019.

## FIRST CLAIM FOR RELIEF

### Violation of the First Amendment, as applied to the states under the Fourteenth Amendment (Against All Defendants *42 U.S.C. § 1983*)

19. The plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

20. The defendants deprived and continue to deprive the plaintiff of the freedom of assembly rights secured by the U.S. Constitution.

21. By instructing the plaintiff that "I am hereby notifying you that, effective immediately, you, Kevin Ajenifuja, are forbidden to enter upon the property or campus of Clarksburg High School, located at 22500 Wims Road, Clarksburg, MD 20871," the defendants violated, and are continuing to violate, plaintiff's right of peaceable assembly, as guaranteed by the First Amendment and the Fourteenth Amendment to the U.S. Constitution.

22. The defendants' actions are, in whole or in part, unlawfully motivated by their disagreement with the plaintiff's one visit to see his daughter at Clarksburg High School during lunch break constitutes unlawful order.

23. The defendants acted under the color of state law in depriving the plaintiff of these rights. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF
### Violation of the Fourteenth Amendment's Due Process Clause
### (Against All Defendants)

24. The plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

25. The defendants deprived, and continue to deprive, the plaintiff of due process rights as guaranteed by the U.S. Constitution.

26. The defendants' above-described conduct violated the plaintiff's right to freedom to assemble under the Fourteenth Amendment, Section 1 of the U.S. Constitution.

## THIRD CLAIM FOR RELIEF
### Violation of Article 24 of the Maryland State Constitution
### (Against All Defendants)

27. The plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

28. The defendants deprived, and continue to deprive, the plaintiff of rights secured to him by the Maryland State Constitution.

29. The defendants' above-described conduct violated the plaintiff's right

of freedom to assemble under Article 24 of the Maryland Declaration of Rights. Article 24 of the Maryland Declaration of Rights is considered the state's constitutional equivalent to the Fourteenth Amendment to the U.S. Constitution.

## FOURTH CLAIM FOR RELIEF
### Violation of § 26-102 of the Maryland Education Code
(Against All Defendants)

30.     The plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

31.     Section 26-102(b)(1) of the Education Code states the relevant part about access to public schools. "The governing board, president, superintendent, principal, or school resource officer of any public institution of elementary, secondary, or higher education, or a person designated in writing by the board or any of these persons, may deny access to the buildings or grounds of the institution to any other person who: (1) Is not a bona fide, currently registered student, or staff or faculty member at the institution, and who does not have lawful business to pursue at the institution."

32.     The defendants deprived and continue to deprive the plaintiff of the rights the Maryland Education Code secured. The defendants' letter stating that "You are forbidden to access Clarksburg High School property, and therefore may not access the Hallie Wells Middle School Promotion Ceremony" violated the Maryland Education Code and U.S. Supreme Court precedent that "the right to

peaceable assembly is a right cognate to those of free speech and free press and is equally fundamental."

## PRAYER FOR RELIEF

Wherefore, the plaintiff respectfully requests the following relief:

33. An order declaring that the defendants violated the plaintiff's rights protected under the First and Fourteenth Amendments of the U.S. Constitution, the Maryland State Constitution, and Maryland Education Code § 26-102.

34. An order declaring that the defendants engaged in unlawful freedom of assembly discrimination in violation of the First Amendment of the U.S. Constitution, the Maryland State Constitution, and Maryland Education Code § 26-102.

35. An order preliminarily and then permanently enjoining the defendants and their employees and all other persons or entities in active concert or privity or participation with them from restraining, prohibiting, or suppressing the plaintiff from Clarksburg High School grounds, subject to reasonable time, place, and manner restrictions.

36. An order directing the defendants to take such affirmative steps necessary to remediate the past restraints to the plaintiff's access to Clarksburg High School grounds and to notify in writing and train the Clarksburg High School staff and school officials within the Montgomery County Public Schools district that all parents are permitted to access school grounds, subject to reasonable time,

place, and manner restrictions.

37. An order directing the defendants to immediately and without hesitation put the plaintiff's name and contact information in ParentVUE and other pupils' reporting systems in use by Clarksburg High School and MCPS district.

38. An order enjoining the defendants and their officers, agents, affiliates, subsidiaries, servants, employees, and all other persons or entities in active concert or privity or participation with them, from taking retaliatory action against the plaintiff or his children for bringing this lawsuit or for advocating for free assembly rights.

39. An entry of court-determined monetary judgment for the plaintiff against the defendants in their official capacities.

40. An award to the plaintiff of reasonable costs incurred in this action from the defendants.

41. Retain jurisdiction of this matter to enforce the terms of the Court's orders.

42. An order granting such further and different relief as this Court may deem just and proper or necessary to make the plaintiff whole.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), the plaintiff hereby demands a jury trial on all issues so triable in this action.

DATED:   June 14, 2023

                                                   Respectfully submitted,

By: _____
                                       Kevin Ajenifuja
                                       2122 Massachusetts Avenue, N.W.,
                                       Apt 415
                                       Washington, DC 20008
                                       Tel: (240) 356-8318
                                       Email: kajenifuja@yahoo.com

                                       Plaintiff *Pro Se*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Verified Complaint was served on June 14, 2023, upon:

Edward K. Owusu
Principal, Clarksburg High School
22500 Wims Road,
Clarksburg, Maryland 20871
Email: edward_k_owusu@mcpsmd.org
(By first-class mail and email)

Shannon K. Grigsby
Assistant Principal, Clarksburg High School
22500 Wims Road,
Clarksburg, Maryland 20871
Email: shannon_k_grigsby@mcpsmd.org
(By first-class mail and email)

Stephanie P. Williams
General Counsel
Montgomery County Public Schools
850 Hungerford Drive,
Rockville, Maryland 20850
Tel: 240-740-5600
Email: stephanie_williams@mcpsmd.org
(By first-class mail and email)

By: _____
Kevin Ajenifuja